UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK



-------------------------------------------------------------------------

SHAMA HINDS and SHAMA HINDS as mother and natural guardian
on behalf of A.J., an infant under the age of eighteen,

                                                            **COMPLAINT**

                        Plaintiffs,

                                                          **JURY TRIAL DEMANDED**

       -against-

THE CITY OF NEW YORK and Police Officers "JOHN DOE"
Individually and in their Official Capacities, the names "JOHN DOE"
being fictitious as the true names are not presently known,

                        Defendants.

-------------------------------------------------------------------------

Plaintiffs, SHAMA HINDS and INFANT A.J., by his mother and natural guardian, SHAMA HINDS, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Complaint, respectfully allege, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in

that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiffs, SHAMA HINDS and INFANT A.J., are, and have been, at all relevant times, residents of the City and State of New York.

7. Plaintiff, INFANT A.J., is currently nine years old, having been born December 9, 2004.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, POLICE OFFICERS "JOHN DOE" 1 through 5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about March 25, 2013, at approximately 11:30 a.m., plaintiffs SHAMA HINDS and INFANT A.J., were lawfully present in their home at 900 East 93rd Street in Kings County in the State of New York.

14. At that time and place, the plaintiff, SHAMA HINDS, noticed bruising on her son, INFANT A.J.'s body.

15. Plaintiff, SHAMA HINDS, asked her son how he had become bruised, and the child answered that his father struck him.

16. Thereafter, plaintiff, SHAMA HINDS, called the police, who arrived promptly at her residence along with EMT workers and an ambulance.

17. Both plaintiffs were told to get into the ambulance, and they were driven toward a nearby hospital.

18. Before they reached the hospital, however, the ambulance pulled up next to a police precinct, and plaintiff, SHAMA HINDS, was ordered out by one of the individually named defendant officers.

19. Plaintiff complied and was immediately placed under arrest, with her arms handcuffed tightly behind her back, aggravating an injury to her shoulder that had recently been operated on.

20. Plaintiff, INFANT A.J., was transported to a hospital where he was examined and interviewed by defendant officers, in a closed, confined space, outside the presence of his mother or any other family member or representative of said family.

21. At no time on March 25, 2013 did plaintiff, SHAMA HINDS commit any crime or violation of law.

22. At no time on March 25, 2013 did defendants possess probable cause to arrest plaintiff, SHAMA HINDS.

23. At no time on March 25, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff, SHAMA HINDS.

24. At no time on March 25, 2013 did defendants posses privilege or authority to remove the INFANT, A.J., from the care, custody, and/or management of his mother.

25. Defendants thereafter transported plaintiff, SHAMA HINDS, to a nearby police precinct.

26. As a direct result of her unlawful arrest and the unlawful acts of the defendants, plaintiff, SHAMA HINDS, spent approximately thirty hours in custody.

27. As a direct result of his unlawful removal and the unlawful acts of the defendants, plaintiff, INFANT A.J., spent approximately ten hours in the custody of the state and separated from his family.

28. Despite defendants' actions, plaintiff, SHAMA HINDS, was not arraigned as the Kings County District Attorney's Office declined to prosecute charges against her.

29. As a result of the foregoing, plaintiff SHAMA HINDS and INFANT A.J. sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

30. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiffs, SHAMA HINDS and INFANT A.J., of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiffs, SHAMA HINDS and INFANT, A.J., repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. As a result of the defendants' conduct, plaintiffs were subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

38. As a result of the foregoing, each plaintiffs' constitutional rights were violated, their liberty was restricted, they were put in fear for their safety, and they were humiliated and subjected to physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF
## FOR DUE PROCESS VIOLATION UNDER 42 U.S.C. § 1983

36. Plaintiffs, SHAMA HINDS and INFANT, A.J., repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. The aforementioned conduct deprived plaintiffs their fundamental rights to intimate and familial association

38. The aforementioned conduct deprived plaintiffs their fundamental right to stay together.

38. Plaintiff, SHAMA HINDS, was deprived the care, custody, and management of her child, the plaintiff, INFANT, A.J.

39. Plaintiff, INFANT A.J., was deprived the emotional attachments that derive from the intimacy of familial association.

40. There was no reasonable basis to deprive plaintiffs' of their aforementioned liberty interests.

43. Defendants did not possess a compelling governmental interest in removing INFANT, A.J. from the care and custody of his mother, SHAMA HINDS.

40. The defendants' conduct in depriving the plaintiffs said liberty interests were arbitrary, egregious and outrageous

41. The defendants' conduct was such that it shocks the contemporary conscience.

41. Plaintiffs were denied due process in the removal of INFANT, A.J. from the custody of his mother, SHAMA HINDS.

42. Plaintiffs were denied due process in that the process by which the defendants

removed plaintiff, INFANT, A.J., from the custody of his mother, plaintiff, SHAMA HINDS, was not reasonable, justified, or based on exigent circumstances.

38. As a result of the foregoing, each plaintiffs' constitutional rights were violated, their liberty was restricted, they were put in fear for their safety, and they were humiliated and subjected to physical restraints.

## THIRD CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

54. Plaintiffs, SHAMA HINDS and INFANT A.J., repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

55. Defendants arrested and incarcerated plaintiffs, SHAMA HINDS and INFANT A.J., in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs' liberty, well-being, and safety, and violate their constitutional rights.

56. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

58. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      ii.    requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      iii.   failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

      iv.   failing to properly train police officers in the requirements of the United States Constitution.

59. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

      i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

      ii.   arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

      iii.   falsifying evidence and testimony to support those arrests;

      iv.   falsifying evidence and testimony to cover up police misconduct.

60. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs, SHAMA HINDS and INFANT A.J.

61. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

63. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiffs were incarcerated unlawfully.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

65. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

66. All of the foregoing acts by defendants deprived plaintiffs of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## **PENDANT STATE CLAIMS**

67. Plaintiff, SHAMA HINDS repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

68. On or about May 14, 2013, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

69. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

70. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on December 18, 2013.

71. This action was commenced within one (1) year and ninety (90) days after the causes

of action herein accrued.

72. Plaintiff has complied with all conditions precedent to maintaining the instant action.

73. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW FOR ASSAULT AND BATTERY

26. Plaintiff, SHAMA HIDNS, hereby restates, reiterates and realleges each and every allegation contained above with the same power and force as if fully stated at length below.

27. At the aforesaid place and time, defendant police officers did cause plaintiff, to be unlawfully assaulted and battered, without cause or provocation.

28. The aforesaid assault and battery were caused by defendants while acting within the scope of their employment by defendants, THE CITY OF NEW YORK.

29. As a result of the aforesaid assault and battery, plaintiff was severely and seriously injured, both physically and mentally and is entitled to damages in excess of the monetary jurisdictional limits of all lower courts.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

87. Plaintiff, SHAMA HINDS repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

88. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

89. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

90. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

91. The aforementioned conduct was intentional and done for the sole purpose of

causing severe emotional distress to plaintiff.

92. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff, SHAMA HINDS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

42. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

43. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

44. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

93. Plaintiff, SHAMA HINDS, repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

94. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

95. Defendant, CITY OF NEW YORK, was negligent and careless when it selected,

hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

96. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiffs, SHAMA HINDS and INFANT, A.J., respectfully request judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
January 10, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

Docket No.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHAMA HINDS AND SHAMA HINDS AS MOTHER AND NATURAL GUARDIAN ON BEHALF OF A.J., AN INFANT UNDER THE AGE OF EIGHTEEN,

Plaintiffs,

-against-

THE CITY OF NEW YORK AND POLICE OFFICERS "JOHN DOES" 1-5, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, AS THE TRUE NAMES ARE NOT PRESENTLY KNOWN,

---

**SUMMONS AND COMPLAINT**

---

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Attorneys for Plaintiffs*
**80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020**

---

TO:   The City of New York
c/o The New York City Law Dept
100 Church Street
New York, New York 10007


Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

_____
Matthew Shroyer